| STATE OF INDIANA | ) | IN THE ALLEN CIRCUIT COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO: 02C01-0903-CI-14 |

NATIONAL ASSOCIATION OF )
FORENSIC COUNSELORS )
)
    Plaintiff, )
)
-vs- )
)
ASSOCIATION FOR TREATMENT )
OF SEXUAL ABUSERS, THE )
NEW HAMPSHIRE CHAPTER )
OF THE ASSOCIATION FOR )
TREATMENT OF SEXUAL )
ABUSERS and KIMBERLY )
MARSH )
)
    Defendants. )

## COMPLAINT

Plaintiff, National Association of Forensic Counselors ("NAFC"), by counsel, for its Complaint, states:

1. NAFC is a national professional membership and credentialing board for forensic counselors. NAFC is based in Fort Wayne, Allen County, Indiana.

2. Association for Treatment of Sexual Abusers ("ATSA") is a national professional membership in the field of sex offender evaluation and treatment. ATSA is based in Beaverton, Oregon. ATSA has an Indiana chapter.

3. The New Hampshire Chapter of ATSA is the New Hampshire body member of ATSA. The New Hampshire Chapter of ATSA is a party to this lawsuit for actions taken that contacted NAFC nationally and in Indiana.



4. Kimberly Marsh ("Marsh') is the president of the New Hampshire Chapter of ATSA.

5. On or about October 8, 2008, Marsh engaged in a series of electronic communications with members of ATSA regarding NAFC.

6. Throughout the course of those communications, Marsh made a series of statements about NAFC that were libelous.

7. More specifically, the following libelous statements were made by Marsh:

   a. That NAFC attempted with dishonest, disingenuous, or otherwise improper motive to organize and have passed legislation in the State of New Hampshire;

   b. That NAFC allowed members into its organization without appropriate credentials, calling into question the validity, credibility and qualifications of NAFC;

   c. That NAFC allowed and encourage memberships solely for political purposes and not for any legitimate professional purpose;

   d. That NAFC's application process was inadequate and that NAFC engaged in no substantive fact checking or screening process in its application process;

   e. That NAFC's certification training is insufficient and that its certifications are illegitimate;

   f. That NAFC's training contains misrepresentations to the participants;

   g. That NAFC made misrepresentations to the New Hampshire legislature during a hearing designed to address legislation regarding NAFC; and

2

      h.     That NAFC's president, Karla Taylor, is a former felon with a lengthy criminal history.

8.     As a result of these libelous comments, NAFC has been damaged, including damage to its reputation, membership, and image.

9.     NAFC has been unable to address the damage caused to it by these libelous comments short of filing this lawsuit.

10.    Monetary damages, including treble damages, are necessary in order to make NAFC whole.

WHEREFORE, NAFC asks the Court to enter judgment against these defendants for libel, to grant monetary damages, including treble damages, and for all other just and proper relief in the premises.

CARSON BOXBERGER LLP

By _____
Benjamin D. Ice (23015-53)
Attorneys for Plaintiff

1400 One Summit Square
Fort Wayne, Indiana 46802
Telephone: (260) 423-9411
F:\N\Nat'l Assoc Forensic Counselors 23,461\Complaint.doc